PER CURIAM.
The appellant, Harvey Whipple, appeals the trial court’s judgment adjudicating him guilty of robbery and sentencing him outside the guidelines to twenty-five years imprisonment. We affirm the appellant’s conviction but remand for resentencing.
A jury found appellant guilty of robbery in violation of section 812.13, Florida Statutes (1985). The state filed notice of intent to seek habitual offender treatment of the appellant at sentencing. At the hearing on the state’s motion for sentence enhancement, appellant attacked the accuracy of the guidelines scoresheet by testifying that several of his misdemeanor convictions were uncounseled. The appellant also disputed the number of convictions reflected on the presentence investigation report. Although the appellant challenged the pre-sentence investigation report and guidelines scoresheet, no evidence was submitted by the state to support the challenged documents.
The trial court adjudged the appellant a habitual offender and adjudicated him guilty of robbery. Although the score-sheet reflected a recommended sentence of twelve to seventeen years imprisonment, the trial court sentenced the appellant to twenty-five years imprisonment with 145 days credit for time served. The only written reason the trial court gave for its departure was “sentenced as habitual felony offender.” This timely appeal followed.
The habitual offender statute is not an alternative to guidelines sentencing and cannot be employed as a basis for departure from the guidelines. Whitehead v. State, 498 So.2d 863 (Fla.1986). We, accordingly, must reverse and remand for resentencing. At resentencing, in view of the appellant’s challenge to the presentence investigation report and the resulting guidelines scoresheet, the trial court should resolve any uncertainty regarding appellant’s prior record.
Affirmed in part, reversed in part, and remanded.
RYDER, A.C.J., and SCHOONOVER and SANDERLIN, JJ., concur.